IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50155
Summary Calendar
_____

LOUIS SEAN BODWAY,

Plaintiff-Appellant,

versus

CRYSTAL CITY DETENTION CENTER;
JIM GREER, Warden,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. DR-96-CV-31
_____
September 17, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Louis Sean Bodway, Missouri state prisoner #514692, argues that the district court abused its discretion in dismissing his 42 U.S.C. § 1983 complaint as frivolous. He argues that the defendants deprived him of adequate medical care and that the district court should have allowed him to amend his complaint to state an actionable claim.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the record, including the transcript of the Spears[1] hearing, the opinion of the district court, and the appellant's brief, and affirm the dismissal of the complaint as frivolous substantially for the reasons given by the district court in support of its ruling.  See Bodway v. Crystal City Detention Center, No. DR-96-CV-31 (W.D. Tex. Feb. 12, 1997).

Bodway argues that if he had been given the opportunity to amend his complaint in the district court, he could have stated an actionable claim.  A pro se prisoner is entitled to factually develop his complaint before a proper § 1915(e) determination can be made.  See Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994). Bodway made no reference to the warden during his testimony given at the Spears hearing.  He did not seek in the district court to amend his complaint to add any other defendants or to add additional claims against the warden; nor has he argued on appeal any specific additional facts that he would allege in an amended complaint if the case was remanded to the district court for further development.  Bodway has failed to demonstrate that the district court abused its discretion in dismissing the complaint against Greer as frivolous.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

---

[1]Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Bodway has not argued on appeal that his excessive-force claim against a detention facility guard was improperly dismissed as frivolous. Thus, the claim is deemed abandoned on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

A F F I R M E D.